[Civ. No. 770. Fourth Appellate District.—May 13, 1932.]

N. G. PERKINS et al., Appellants, v. A. HEBER WINDER et al., Respondents.

G. L. Aynesworth for Appellants.

Sarau & Thompson for Respondents.

SCOVEL, J., *pro tem.*—The complaint in this action was filed in Kings County and contains three causes of action. In the first cause of action it is alleged that on November 19, 1929, the plaintiffs became the owners of certain real property in Kings County; that prior thereto and for a long period of time one Cora Van Aernam Peters had been the owner of this property; that she was the person from whom plaintiffs had acquired it and that all of these facts were known to the defendants; that on January 31, 1930, the defendants and the First National Bank of Riverside caused an action to be filed in Riverside County by said bank against William L. Peters and Cora Van Aernam Peters, his wife. In this action, at the request of defendants and the bank, a writ of attachment was issued in the sum of $5,600, directed and delivered to the sheriff of Kings County, with instructions in writing to levy upon and attach all of the above-mentioned real property; that on February 10, 1930, the sheriff of Kings County levied upon and attached the real property and recorded in the office of the county recorder of Kings County a copy of the writ together with a notice that the real property had been attached; that the defendants and the First National Bank of Riverside knew at the time that Cora Van Aernam Peters, had no interest in the property; that the giving of the instructions to the sheriff of Kings County, and the recordation of the attachment was done maliciously and for the purpose and with the intention of annoying and harassing and oppressing plaintiffs, injuring their title, and hindering and embarrassing their enjoyment, use, mortgage, sale or disposition of the property; that thereafter judgment was duly rendered in favor of the First National Bank of Riverside and against Mr. and Mrs. Peters for the sum of $6,316.07. It is fur-

ther alleged that immediately after the writ of attachment had been levied, plaintiffs notified defendants and the bank that title to this property had passed to the plaintiffs on November 19, 1929, and that Mr. and Mrs. Peters had no interest therein; that plaintiffs were negotiating a loan to be secured by the property and that the loan could not be secured until the writ of attachment was released; that defendants and the bank refused to release the attachment, and on April 14, 1930, recorded a duly certified copy of the abstract of the judgment against Mr. and Mrs. Peters in the office of the county recorder of Kings County. It is further alleged that all of the foregoing acts on the part of the defendants were done without probable cause, and that the levy of the attachment depreciated and destroyed the value of the property in the sum of $10,000.

The second cause of action alleges that at the time the writ of attachment was issued and levied upon the real property, plaintiffs had been negotiating for and had obtained an agreement from one Ethel Guiberson for a loan of $50,000 which was to be evidenced by a promissory note secured by a deed of trust upon the real property. This loan was to be made as soon as a certificate of title could be obtained, the plaintiffs agreeing to pay interest at seven per cent per annum on the loan from the date of the agreement. It is further alleged that by reason of the levy of the attachment a certificate of title could not be obtained except by plaintiffs indemnifying a title company in the penal sum of $6,400 against all loss or damage which it might sustain by the issuing of such a certificate of title; that plaintiffs thereupon did procure an undertaking indemnifying the title company from such loss and damage in said penal sum and thereupon a certificate of title was issued; that plaintiffs were unable to procure the undertaking for a period of six weeks and that during this time they were compelled to pay the interest on the loan, which interest amounted to the sum of $437.50.

In the third cause of action it is alleged that by reason of the refusal of the defendants and the First National Bank of Riverside to release the attachment and the abstract of judgment above referred to, the plaintiffs were compelled to quiet their title against the purported lien of said attachment and that the cost thereof amounted to $362.85, $350

being for attorney's fees and $12.85 for court costs. The prayer of the complaint is for $10,800.35 damages and $5,000 exemplary damages.

Defendants were duly served with summons and complaint. Each appeared and filed a separate demurrer and notice of motion for change of venue upon the ground that they were residents of Riverside County, together with a demand for change of place of trial supported by affidavits of merit and residence. These motions were granted and the action ordered transferred from the county of Kings to the county of Riverside for trial. From this order the plaintiffs have appealed.

As the basis for their appeal appellants contend that the complaint is for slander of title and wholly local and that therefore the county of Kings, wherein the property is located, is the proper jurisdiction for the trial of the action. In response thereto respondents contend that the action is not one for slander of title, but for malicious use of process, that it is therefore a transitory action and properly triable in the county of their residence. For reasons hereinafter set forth we do not deem it necessary in this proceeding to determine what the form of the action may be. █ Whether an action is local or transitory cannot be determined by the form of the action, but only from the averments of the complaint and the character of judgment which might be entered upon a default. (*Work* v. *Associated A. Growers,* 76 Cal. App. 708 [245 Pac. 790].)

█ Parties have no inherent right to have the trial of any particular kind of action tried in any particular forum. The proper place of trial for all actions is prescribed by statute and the venue for any particular action must be determined by the statute applicable thereto. █ Generally speaking, a defendant has the right under section 395 of the Code of Civil Procedure to have an action tried in the county wherein he resides. This right is qualified by sections 392, 393 and 394 of the same code, sections 393 and 394 not being involved in this appeal.

Section 392 of the Code of Civil Procedure provides in part as follows: "Actions for the following causes must be tried in the county in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this code:

1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property; . . . 3. For the foreclosure of all liens and mortgages on real property.''

It will be noted that in the instant case no relief is prayed for affecting the title to plaintiffs' property. In fact the third cause of action shows that title to plaintiffs' property in Kings County had been cleared and the lien of the attachment removed prior to the institution of this action. Plaintiff can only hold the action in Kings County, therefore, if it be for an injury to the real property, within subdivision one of section 392 of the Code of Civil Procedure, the action otherwise being removable to Riverside County upon defendants' demands.

The first cause of action alleges that the acts of the defendants resulted in depreciating the value of plaintiffs' property. If the first cause of action were standing alone, the proper place of trial would necessarily be in Kings County where the property is situated. The second cause of action does not allege that the acts of the defendants injured the real property in any manner. It merely alleges that by reason of the acts of the defendants, plaintiffs were delayed in completing a loan and were thereby compelled to pay additional interest. Even if it be assumed that the acts of the defendants in clouding the title would of necessity injuriously affect the title and thereby injure the property by depreciating its value, no recovery is asked for any such purported injury to the property or the title. This is also true of the third cause of action. The only damage complained of is the costs of the suit instituted to remove the cloud caused by defendants' acts. Obviously the injury and damage complained of in the second and third causes of action are not ''injuries to real property''. The case is one, therefore, where plaintiffs have joined a local action, to wit, an action for damages occasioned by injuries to real property with transitory actions, to wit, actions for damages otherwise sustained.

Appellants rely largely upon *Coley* v. *Hecker,* 206 Cal. 22 [272 Pac. 1045]. In this action it is alleged that an abstract of judgment recovered in the city and county of San Francisco had been filed in San Joaquin County after an appeal

from the judgment had been perfected and a stay bond thereon filed; that the abstract of judgment was filed maliciously and for the purpose of slandering the title to all lands owned by the plaintiff in San Joaquin County and with the knowledge that the judgment was inoperative by reason of the filing of the stay bond; and, that the recordation of the abstract of judgment decreased the value of plaintiff's real property in San Joaquin County in the sum of $26,000. The prayer asked that the title to plaintiff's property be quieted and that damages, punitive and exemplary, be awarded in the sum of $25,000. It will be noted that no recovery for actual damages for injury to the real property was prayed for. The defendants in the action, residents of San Francisco, moved for a change of venue from San Joaquin County, where the action was commenced, to the city and county of San Francisco on the ground of residence. The motion was denied. It was claimed on appeal that a real and personal action, to wit, an action to quiet title to real property and a personal action for slander of title had been joined and that respondent thereby lost all his right to hold the case in the county where the real property was located. The court held that the filing of the abstract of judgment was a slander upon the title of respondent's real property; that by filing the abstract the judgment became a lien upon the real property and obviously injured the property by decreasing its value and rendering it less marketable; that the essence of the action was to remove the lien of the judgment and that the venue under section 392 of the Code of Civil Procedure was therefore necessarily in the county in which the real property affected was situated; that the exemplary damages there asked were but incidental to the primary object of the action, to wit, to remove the cloud upon the title wrongfully cast by the filing of the abstract. We do not construe *Coley* v. *Hecker, supra,* as holding that an action for slander of title must be tried in the county where the real property is situated when the action does not seek to remove the cloud cast by the slander, or to recover damages for injury to the real property occasioned thereby.

Where local and transitory actions are joined the proper place for the trial is in the county where the defendants reside, the venue being determined by section 395 of the Code of Civil Procedure. (25 Cal. Jur. 858; *Ah Fong* v.

*Sternes,* 79 Cal. 30 [21 Pac. 381]; *Warner* v. *Warner,* 100 Cal. 11 [34 Pac. 523]; *Terry* v. *Rivergarden Farms Co.,* 29 Cal. App. 59 [154 Pac. 476].)

Defendants were, therefore, entitled to demand that this action be transferred to Riverside County, the county of their residence, and the motion for change of venue was properly granted.

No question is involved as to splitting of causes of action or the right of plaintiffs to recover any of the various elements of damage alleged, and upon these matters we express no opinion.

The order appealed from is affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 6, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 11, 1932.