[Civ. No. 10303.   First Appellate District, Division Two.—February 3, 1937.]

SAN JOSE ICE AND COLD STORAGE COMPANY (a Corporation), Respondent, v. THE CITY OF SAN JOSE (a Municipal Corporation) et al., Defendants; SOUTHERN PACIFIC RAILROAD COMPANY (a Corporation et al., Appellants.

Louis Oneal, A. G. Shoup and E. J. Foulds for Appellants.

Norman A. Eisner for Respondent.

NOURSE, P. J.—The plaintiff commenced this action in the city and county of San Francisco to recover damages alleged to have been done to certain real property located in the City of San Jose, Santa Clara County. The City of San Jose, Southern Pacific Railroad Company, and Southern Pacific Company were joined as defendants in a complaint alleging that, due to a relocation of the main railroad line through the City of San Jose in accordance with the directions and orders of the state railroad commission, certain grade separations and crossings were made which impaired plaintiff's access to its real property which is located upon one of the streets involved in the order.

In due time the two railroad corporations joined in a motion for a change of venue to the county of Santa Clara upon the grounds that, since the action involved "injuries to real property" situated in the county of Santa Clara, the latter county was the proper county for the trial of the action in accordance with the provisions of section 392 of the Code of Civil Procedure. The plaintiff answered the motion, asserting that it was entitled to choose its own forum because of the provisions of section 394.

The latter section has no application to the case, but the place of trial is fixed by section 392. In the early case of *O'Neil* v. *O'Neil*, 54 Cal. 187, 188, it was said that this right to have the trial in the county where the real property is situated: "Is a right which belongs to each defendant; and although it is not a vested right—because the regulations upon the subject relate only to the remedy—yet it is one which every defendant can exercise for himself so long as the remedy exists, and until he loses it by his own voluntary act."

Section 392 was amended in 1933 to read in part, " (1) Subject to the power of the court to transfer actions and proceedings as provided in this title, the county in which the real property, which is the subject of the action, or some part thereof, is situated, is the proper county for the trial of the following actions: (a) . . . for injuries to real property." Subdivision 2 provides that the method for determining the proper "court" for the trial of such actions is the one in

the county "hereinabove designated as the proper county" having jurisdiction of the subject-matter. When section 392 stood in its old form, section 396 provided that when an action is commenced in an improper county it may nevertheless be tried there unless the defendant should demand a transfer to the proper county. With the amendment to section 392, section 396 was repealed and a new section adopted which was amended in 1935 to provide that: "If an action or proceeding is commenced *in a court* which lacks jurisdiction of the subject matter thereof . . . it shall, on the application of either party, or on the court's own motion, be transferred to a court having jurisdiction." Though the Constitution, in section 5 of article VI, declares that the process of superior courts shall extend to all parts of the state, and such courts have general jurisdiction to *try* the character of action involved here, it is left to the legislature to designate the forum or proper county for the commencement and trial of particular classes of actions, except, of course, those actions which are specially covered by the Constitution. (25 Cal. Jur., p. 853; *Perkins* v. *Winder,* 123 Cal. App. 467 [11 Pac. (2d) 394].) Hence, when the legislature, by section 392, declares that "any court *in such county* having jurisdiction of the subject matter of the action, is a proper court for the trial thereof", it in effect has declared that any other court is an "improper" court and has emphasized this by changing the word "county" to "court" in section 397 so that a change of the "place of trial" is now authorized on motion when it appears that the "court" designated in the complaint is not the "proper court". At the same time the legislature adopted section 396b declaring that a cause commenced in a court "other than the court designated as the proper court for the trial thereof" may nevertheless be tried there unless the defendant demands a transfer to the proper court. The early cases have held that section 396 conferred jurisdiction upon the court of the "improper" county, except where such jurisdiction was expressly limited by other provisions of the code or by the Constitution.

The clear meaning of these sections as thus amended is that the court having jurisdiction of the subject-matter in the county designated as the "proper" county is the only court having jurisdiction to try that particular action in the first instance. Furthermore, when it appears that the action

has been commenced in the wrong court a transfer to the "proper" court is mandatory. (Sec. 396b.) Under section 392, as it read prior to the amendment noted, the question was held jurisdictional in some cases because the section then provided that such causes *must* be tried in the county where some part of the real property is situated. But, reading this amendment with the repeal of section 396 and the contemporaneous amendments to sections 393, 395, and 397, together with the new section 396b, we are compelled to hold that this jurisdictional view is strengthened rather than weakened.

Respondent argues that its right to choose the forum comes from section 394, which relates to actions by and against a county, city and county, or city. The second clause provides that when an action is brought *by* a county, city and county, or city, against a resident of another county, etc., it "must be, on motion of either party, transferred for trial" to another county. This is the clause which has received interpretation in the cases cited by respondent, and hence, they have no application to the question involved here. The third clause provides that: "Whenever an action or proceeding is brought against a county, city and county, or city, in any county, or city and county, other than the defendant, if the defendant is a county, or city and county, or, if the defendant is a city, other than that in which the defendant is situated, the action or proceeding must be, on motion of the said defendant, transferred for trial to a county, or city and county, other than that in which the plaintiff, or any of the plaintiffs, resides, or is doing business, or is situated, and other than the plaintiff county, or city and county, or county in which such plaintiff city is situated and other than the defendant county, or city and county, or county in which such defendant city is situated." The fourth clause makes an exception to this portion of the section and prohibits a transfer when the action is one for damages for the alleged negligence of the city, city and county, or county.

It is upon the third clause above quoted in full that respondent relies in support of its theory that whenever an action lies against a municipal corporation (other than one for negligence) the plaintiff may choose any county in the state as the place of trial. This contention was expressly

rejected in *Fitzpatrick* v. *Sonoma County*, 97 Cal. App. 588, 596 [276 Pac. 113], where the court said: "Section 394 of the Code of Civil Procedure does not provide that a plaintiff may commence the action in a neutral county or that a plaintiff may select its own forum."

We have the universal practice established by sections 392, 393, 395, and 396, which sections alone cover the matter of the place where the causes mentioned therein may be *commenced*. Section 394 creates special exceptions relating to the *transfer and trial* of causes by and against the parties designated therein. In its original form it provided that any action against a county or city and county might be "commenced" and tried in such county. Contemporaneously with the amendments to the other sections herein noted, this section was also amended by eliminating the word "commenced". We must, therefore, look to the other sections to find the "proper" county for the commencement of the particular cause of action, and look to section 394 for the method of transferring such actions for trial when they involve the particular parties therein noted.

It may be added that we do not follow respondent's contention that it has no remedy under section 397 to move to transfer to a neutral county. This is a right given to all parties and one applicable to all causes of action. Though section 394 does not grant that privilege, it does not deny it.

The order is reversed with directions to grant the motion.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 5, 1937, and the following opinion then rendered thereon:

THE COURT.—In his petition for a rehearing herein counsel for respondent complains of our treatment of sections 392 et seq. of the Code of Civil Procedure in regard to the question of jurisdiction—a question which we have deemed as not determinative of this proceeding. We referred to the question because it had been argued in the briefs, but, when we said that these sections had been held jurisdictional "in some cases", we assumed that the implication would follow that there was a division of authority.

Criticism is also made of the expression "when it appears that the action has been commenced in the wrong court a transfer to the 'proper' court is mandatory. (Sec. 396b.)" A reading of this section enacted in 1933 will readily disclose the meaning of the statement. It provides that if an action is commenced in a court having jurisdiction of the subject-matter thereof "other than the court *designated as the proper court* for the trial thereof, under the provisions of this title", i. e., sections 392 et seq., it may be tried in that county unless the defendant demands a transfer to the proper court. Then follows the language which is entirely new to these sections and upon which we held a transfer to be mandatory. This portion of the section reads: "Upon the hearing of such motion *the court shall, if it appears* that the action or proceeding *was not commenced in the proper court,* order the same transferred to the proper court; provided, however, that the court in an action for divorce or separate maintenance may prior to the determination of such motion consider and determine a motion for counsel fees and costs and make all necessary and proper orders in connection therewith; provided, further, that in any case if an answer be filed, the court may consider opposition to the motion, if any, and may retain the action in the county where commenced if it appears that the convenience of witnesses or the ends of justice will thereby be promoted." (Italics ours.)

There is no uncertainty in this language and no ground for the statement that we held a demand for transfer unnecessary. The section expressly requires a demand and it also designates but two exceptions to the mandatory requirement for a transfer when such demand is properly made.

Respondent did not bring its case within either of these exceptions and, since it is conceded that proper demand for a transfer was made, we correctly held that a transfer under the facts of this case was mandatory.

The petition for a rehearing is denied.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 1, 1937.