[Civ. No. 6237.   Third Appellate District.—October 2, 1940.]

LULU E. BLACKMAN, Respondent, v. GEORGE J. SHER-
MAN, Appellant.

Kaplan & Kaplan and Monte E. Livingston for Appellant.

George W. Robinson for Respondent.

PULLEN, P. J.—This is an appeal from an order denying the motion for change of venue to the county of defendant's residence.

Plaintiff and defendant entered into an agreement in writing wherein plaintiff agreed to sell a particular tract of timber to defendant, the title thereto to remain in plaintiff until the full purchase price therefor had been paid. Defendant agreed to erect a sawmill upon the property and to cut the timber thereon, paying to plaintiff $3 for each 1,000 feet of lumber sold from the property, with a provision for an annual minimum aggregate amount equivalent to 1,500,000 board feet of lumber, regardless of whether such lumber had been cut or sold. It was also agreed that the defendant could, after paying plaintiff no less than $4,500, cancel the agreement. Defendant also agreed to and did execute a chattel mortgage upon the sawmill for $4,500.

Some sixteen months after the execution of this agreement plaintiff served upon defendant, a notice of termination of the contract based upon a failure to pay the minimum aggregate amount required to be paid annually, failure to pay taxes or interest, and failure to pay $3 per thousand for lumber actually sold.

Thereafter a complaint was filed setting up three causes of action. The first count set forth the execution of the contract and the breach, and prayed first, for judgment in the sum of $808.83 for the quantity of timber cut from the lands in question; for $125 for taxes due; for $574.27 for unpaid interest upon the purchase price; for possession of the premises, and costs. The second count was for the foreclosure of the chattel mortgage, and the third count was to quiet the title of plaintiff in the lands.

A motion of defendant to change the place of trial to the county of his residence was denied, and this appeal was taken.

It is the contention of respondent that the complaint states a cause of action which is essentially local in nature and therefore is triable in the county in which the real property is situated. Appellant claims that where a transitory and a local cause of action are joined in the same complaint the defendant is entitled to have the case tried in the county of his residence. Section 392 of the Code of Civil Procedure provides that actions for the recovery of real property or the determination of an estate or interest therein and for in-

juries to real property, must be tried in the county where the real property or some part thereof is situated. Section 395 of the Code of Civil Procedure applies to all other sections, with certain immaterial exceptions.

It is recognized by both parties here that a pleader may not deprive a defendant of the right to have a cause of action tried in the county of the residence of defendant by merely including in his complaint a nonessential cause of action local in character, and the problem here is to determine the primary object of this action.

It is apparent from an examination of the first cause of action in the complaint that the principal relief sought by the pleader is for the recovery of a money judgment. This is based upon a breach of contract and is transitory in nature. It has been held in the case of *Work et al.* v. *Associated Almond Growers of Paso Robles,* 76 Cal. App. 708 [245 Pac. 790], that where an action was commenced to recover the balance of a purchase price for land, the proper place for trial was the county of defendant's residence, and in order to retain the case in the county where the land was situated it must clearly appear that title to the land would be directly affected by the judgment of the court, the court saying:

"An action which has for its object the mere recovery of money is essentially an action for debt, and is transitory, and not local."

The second cause of action is to foreclose the chattel mortgage, and is clearly transitory and personal.

The rule is stated in Jones on Chattel Mortgages, 5th edition, section 782, at page 987: "A suit to foreclose a chattel mortgage should be brought in a court having jurisdiction of the defendant. It is a transitory and not a local action and it is immaterial where the property may be."

There is no question but what a suit to quiet title as set forth in the third cause of action is local, but as title was distinctly retained by the vendor respondent in his agreement, title is not, therefore, the primary issue in this action; obviously what plaintiff was seeking was the recovery of the moneys which defendant had agreed to pay.

The respondent has cited a number of cases to sustain her contention, but these are distinguishable from the case at law. Among these cases is the case of *State* v. *Royal Consolidated Mining Co.,* 187 Cal. 343 [202 Pac. 133], where plaintiff

sought to recover possession of certain real property and the rents, issues and profits thereof. There the rents, issues and profits were of the nature of interest in the lands and were local, and the primary right to be adjudicated was an issue of title.

So also in *Coley* v. *Hecker*, 206 Cal. 22 [272 Pac. 1045], plaintiff sought to recover on a complaint sounding in quiet title and slander of said title. The decision of the court was based upon the proposition that slander to title of real property constituted an injury to the real property, and therefore no transitory action was involved.

In *Lefurgey* v. *Prentice*, 36 Cal. App. 338 [171 Pac. 1080], the plaintiff sought (1) immediate possession of the premises; (2) cancellation of promissory notes and mortgages, and (3) that defendant have no claim against plaintiff for moneys expended upon the property. Plaintiff did not seek a money judgment, and the court held that the action was local in character and did not discuss the question as to whether or not the cancellation of a note secured by a deed of trust was a transitory action.

In *Robinson* v. *Williams*, 12 Cal. App. 515 [107 Pac. 705], no money judgment was asked, and the court did not pass upon the question here involved. In the case of *Strossnider* v. *Pomin*, 32 Cal. App. (2d) 103 [89 Pac. (2d) 179], the first cause of action was one to quiet title to a right of way and easement over the land of defendant. The second cause of action incorporated, by reference, all the allegations of the first cause of action, and alleged that defendant falsely and fraudulently induced plaintiff to dismiss a quiet title action against defendant by promising plaintiff free and uninterrupted use of the right of way and easement. After plaintiff had dismissed his action the defendant obstructed the right of way. The court held that the second cause of action constituted in effect an injury to real property, and therefore there was no transitory action involved.

In support of the contention of appellant, and a case quite similar to the one here in question is that of *Turlock Theatre Co.* v. *Laws et al.*, 12 Cal. (2d) 573 [86 Pac. (2d) 345, 120 A. L. R. 786]. Three causes of action were pleaded: First, to recover unpaid rentals under a lease, and to cancel the lease and to restore the possession of the premises. Second, to recover damages for the wrongful withholding of the prem-

ises and for restoration of the possession of the premises. Third, to quiet title to the realty.

There a motion to change the place of trial to the residence of the defendant was denied by the trial court, but was reversed upon appeal. There, as here, plaintiff claimed the possession of real property was the primary object of the action, and the personal remedies sought were merely incidental to that primary object. The Supreme Court held that the action seeking unpaid rentals was not merely incidental but was distinctly a primary object of the complaint.

In *Smith* v. *Smith,* 88 Cal. 572 [26 Pac. 356], it was held that an action must be wholly local in its nature to entitle it to be tried in a county other than that of the residence of the defendant, and if real and personal actions are joined in the same complaint the case falls within section 395 of the Code of Civil Procedure, and must be tried in the county of the residence of the defendant.

This rule has been reaffirmed in *Howe* v. *Tucker,* 219 Cal. 193 [25 Pac. (2d) 832], and in *Bardwell* v. *Turner,* 219 Cal. 288 [25 Pac. (2d) 978], where it is held that it is only where land or an interest therein is the exclusive subject-matter of the action that section 392 of the Code of Civil Procedure controls, and if in one complaint there have been joined actions both local and transitory, the defendants are entitled to have the cause heard in the county of their residence. Here, unquestionably, the second cause of action, and perhaps the first cause are transitory in nature. The motion for the change of venue should have been granted.

The order is reversed.

Thompson, J., concurred.