[Civ. No. 8748.   Third Dist.   Mar. 6, 1956.]

KATHERINE A. ETTER, as Executrix, etc., et al., Respondents, v. ALBERT M. VOLLMER et al., Appellants.

Marcel E. Cerf, Robinson & Leland for Appellants.

Blaine McGowan for Respondents.

VAN DYKE, P. J.—This is an appeal from an order denying a motion for a change of venue to the county of defendants' residence.

The complaint alleges that the deceased, Albert Etter, devoted practically all of his time for 50 years in horticultural and botanical experiments conducted in the main upon certain real property situated in the county of Humboldt which he and the plaintiffs owned but which was subject to a mortgage in the amount of $2,659.33. It is further alleged that Mr. Etter was under the erroneous impression that said mortgage would be foreclosed and that the property and the results of his work thereon would be lost; that the appellant Dr. Vollmer, in order to obtain title to the property, which had valuable timber standing thereon, fraudulently led Mr. Etter to believe that he was experienced in the field of horticulture and that if Mr. Etter would sell the property to him he would continue Etter's experiments and preserve the fruits of his scientific work; that as a result of such fraud Mr. Etter and plaintiffs were induced to enter into an agreement to sell and thereafter to execute a deed to said property, reserving, however, a life estate therein in themselves. It is further alleged that the appellant Dr. Vollmer discharged the outstanding mortgage indebtedness, but failed to perform his promise to preserve and perpetuate Mr. Etter's experimental work, which promise it is alleged appellant Dr. Vollmer had never intended to keep. The complaint further alleged that at the time of the signing of the contract the appellants paid the mortgage debt in the amount of $2,659.33 for the use and

benefit of respondents, which sum, together with interest thereon, respondent Katherine Etter has offered to return upon delivery of a deed to the property; that said tender has been refused. Respondents pray that the deed and contract of sale be declared null and void and that appellants be ordered to execute and deliver to respondent a deed to the realty.

To the complaint the appellants filed a demurrer and a notice of motion for a change of venue to the county of their residence. From the order denying the motion this appeal was taken.

The action was properly brought in the county of Humboldt since the objective sought is ''the recovery of real property'' situate in that county. (Code Civ. Proc., § 392 subd. (a); *Eckstrand* v. *Wilshusen*, 217 Cal. 380, 382-383 [18 P.2d 931].) The local nature of the action is not changed by reason of the fact that the granting of the relief prayed for would make appropriate a cancellation of the contract of sale, as well as the deed. Neither is it rendered transitory because it may require the determination of the amount of benefits received by respondents. (*Kopke* v. *Carlson*, 98 Cal. App. 155, 157-158 [276 P. 606]; *Heffernan* v. *Bennett & Armour*, 63 Cal.App.2d 178, 184-186 [146 P.2d 482].) The main purpose of the action is to compel a reconveyance of the real property alleged to have been fraudulently obtained. The ordering of the restoration of any benefits conferred upon respondents would be merely incidental to the principal relief sought. The trial court correctly held that this was insufficient to change the nature of the action. The motion for change of venue was, therefore, properly denied.

The order is affirmed.

Peek, J., and Schottky, J., concurred.