[Civ. No. 19815.   First Dist., Div. One.   May 8, 1962.]

W. C. HAMMON, Plaintiff and Appellant, v. AMERICAN
EXPLORATION AND MINING COMPANY, Defendant
and Respondent.

William M. Maxfield and George F. Jansen for Plaintiff
and Appellant.

George W. Wilson for Defendant and Respondent.

TOBRINER, J.— An action for breach of a mineral
lease, seeking principally royalties for the removed minerals,
an injunction against encumbrance of claims covered by the
agreement and a decree establishing the rights and duties
of the parties under the contract, does not become a local
action because realty may be involved.   In substance, this is

a single action for the redress of one wrong; the main relief sought is personal, and the action is transitory.

Appellant filed his complaint against respondent mining company in the City and County of San Francisco. Respondent, whose principal place of business was San Francisco, moved for a change of venue to Plumas County, the site of the properties subject to the agreement in question, on the theory that the action involved the determination of the title and interest in realty. The trial court granted respondent's motion, holding that the action is local and not transitory in nature.

Appellant sets forth in his complaint that respondent has failed to perform a mineral lease which is attached to the complaint. The agreement afforded respondent a free option of 12 months to examine described placer mining claims. At the end of the year respondent was to "have the right to extract . . . any minerals, rock, or other materials . . . and . . . pay . . . at a royalty rate of 12½ cents per short ton" for all such materials sold or utilized. The option would continue in perpetuity provided optionor received a minimum royalty of $10,000 per annum. Respondent reserved "the right to carry out any further staking of mineral claims contiguous to the above mentioned claims," but if respondent ceases "to exercise its option" it is to "assign such contiguous claims to optionor; . . ." Respondent will pay the "above mentioned royalty" for materials removed from such claims and sold and utilized for commercial purposes.

The complaint further alleges that pursuant to the agreement respondent "commenced performance," and "abstracted minerals, rock, and other materials . . . ." Respondent "staked . . . mineral claims contiguous to and overlapping . . . claims" of appellant. Yet respondent has "refused . . . to recognize any rights of . . . [appellant] under said agreement or in the claims covered by said agreement"; respondent has paid no royalties; respondent has not assigned to appellant "any contiguous or overlapping claims"; respondent has otherwise violated the agreement.

Appellant seeks the following relief: (1) a decree establishing the rights and duties of the parties under the contract. (2) An injunction restraining respondent from conveying, leasing or encumbering any mineral claims covered by the agreement or contiguous to such property. (3) Judgment "in such amount as may be determined upon trial" for failure of respondent to perform its obligations under the contract.

(4) Judgment for $40,000 on the theory that respondent is indebted to appellant in that amount pursuant to paragraph (3) of the agreement which provides for the annual $10,000 minimum annual royalties. (5) Judgment for "such sum as may be found to be due . . . after an accounting by court; . . ."

The relevant statute as to venue, section 392 of the Code of ·Civil Procedure, provides: "(1) Subject to the power of the court to transfer actions and proceedings as provided in this title, the county in which the real property, which is the subject of the action, or some part thereof, is situated, is the proper county for the trial of the following actions: (a) For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property; . . ."

Although respondent contends that the instant action falls within the scope of the above section and that, therefore, the trial court properly ordered a change of venue to Plumas County, the site of the mineral claims covered by the agreement, section 392 applies to this action only if it solely or mainly seeks relief that is local in nature. We shall point out that the action is a single action for the redress of one wrong; that the main relief sought by appellant was personal; that the action is transitory.

The recent decision in *Peiser* v. *Mettler* (1958) 50 Cal.2d 594 [328 P.2d 953, 74 A.L.R.2d 1] singularly applies to the present issue. In that case the plaintiffs sued for the breach of a lease of realty. The relief prayed for included: (1) damages for breach of contract; (2) damages for conversion of the structures and improvements; (3) restoration and redelivery of the· removed property together with damages resulting from the cost of reinstallation and for loss of use; and (4) damages for waste to the realty resulting from the removal·of certain property. Each of these claims for relief arose from the removal· from the leased premises of various articles, including a deep well shaft, bole, pipeline, various motors and pumps and numerous buildings.

The court characterized the action as a single transitory cause for the redress of one wrong: "In the case under consideration, plaintiffs have alleged but one wrong—the removal of the improvements heretofore described in violation of the terms of the lease." (P. 605.) Since plaintiffs chiefly sought personal relief, they brought a transitory action. "It would appear from the allegations and prayer of the com-

plaint that the main relief sought in all four causes of action was personal and that title to, or possession of, real property was only incidentally involved. As we held in *Neet* v. *Holmes,* 19 Cal.2d 605, 611-612 [122 P.2d 557], 'The nature of the action here is essentially transitory, that is, the defendants would be entitled to have it tried in the county of their residence, if the determination of an estate or interest in land is merely incidental to the determination of a cause for equitable relief in trust, fraud, or contract.' '' (P. 604.)

The counts of the instant complaint, pertaining to royalties for the extraction of minerals and rights and duties under the lease, which has been broken, seek redress, pleaded in four counts, for one wrong. The determination of the nature of the cause lies not in the prayed relief but in the facts precipitating a plaintiff's right to recover. (See generally: 2 Witkin, Cal. Procedure, § 11 et seq., p. 984; *Wulfjen* v. *Dolton* (1944) 24 Cal.2d 891, 894-896 [151 P.2d 846].) As Witkin points out, "If there is only one cause, but *different forms of relief are sought,* the 'form' of the action for venue purposes is determined by the *main relief rule.* . . . The same is true where a single cause of action is pleaded in different counts according to *different legal theories.* There is no joinder of causes . . . and the *main relief rule* determines venue. . . ." (1 Witkin, Cal. Procedure, § 237, p. 749.) In both the instant case and in *Peiser* plaintiffs' causes arise from a breach of a contract.

If, as here, appellant's sole or main relief consists of a money judgment, and other relief is an incident to that end, the action, for venue purposes, must be classified as transitory. (1 Witkin, Cal. Procedure, § 188, p. 703.) Indeed, even if an action involves realty, it constitutes for venue purposes a transitory action if the main relief sought is a money judgment. Thus an action for the specific performance of a contract for the sale of realty is deemed local if brought by the vendee, since the vendee seeks possession (*Santa Barbara Lodge No. 605* v. *Penzner* (1951) 104 Cal.App.2d 494 [231 P.2d 595]); it is considered transitory if brought by the vendor, since the vendor merely seeks the purchase price. (*Work* v. *Associated Almond Growers* (1926) 76 Cal.App. 708 [245 P. 790]; *O'Gorman* v. *Wachter* (1925) 71 Cal.App. 266 [235 P. 57]; see also Chadbourn, Grossman, Van Alstyne, 1 Cal. Pleading, § 234, p. 152.) The courts reach a parallel result in situations in which a vendee relies upon fraudulent misrepresentations to obtain relief as to a

conveyance of real property. If the vendee sues for damages, the action is transitory (*Blackman* v. *Sherman* (1940) 41 Cal. App.2d 20 [105 P.2d 1000]) ; if he seeks to reobtain title the action is local. (*Etter* v. *Vollmer* (1956) 139 Cal.App.2d 718 [294 P.2d 55] ; *Eckstrand* v. *Wilshusen* (1933) 217 Cal. 380 [18 P.2d 931].)

The cause of action here obviously rests upon breach of contract; the principal relief involves the nonpayment of royalties. The determination of the rights and duties of the parties under the contract, including the right to the monetary recovery, may, of course, involve the mineral properties and may, indeed, depend upon appellant's rights to such properties. In every case in which a lessor sues for a breach of a lease, the lessor's rights in the property may be involved. But a suit for rental does not thereby become a local action. The main relief sought by the plaintiff must control; we would distort this complaint if we were to say that the main relief involved realty, not personalty.

To this basic proposition respondent counters by isolating and emphasizing certain aspects of the requested relief and by the citation of a number of cases. We shall point out that neither approach succeeds.

Although respondent extracts, and heavily relies upon, one particular ground for relief, that item does not convert this action into a local one. The prayer for a decree establishing the rights and duties of the parties under the contract, according to respondent, serves to do so. Respondent urges that part of the relief pertains to appellant's claim to the assignment of the contiguous leases upon the termination of its option, and that, as a consequence, the action is local in nature. We do not believe, however, that such incidental relief converts the action into a local one.

The decisions do not sustain respondent's contention. The ruling in *Turlock Theatre Co.* v. *Laws* (1939) 12 Cal.2d 573 [86 P.2d 345, 120 A.L.R. 786], disposes of the argument. That case involved an action to terminate a lease and recover possession and unpaid rentals. The court concluded that since the resolution of the controversy as to the payment of rentals determined whether or not the plaintiff had a right to possession, the right to possession became merely incidental to the main relief sought, to wit, the recovery of unpaid rentals. In the instant case the complaint seeks unpaid royalties and alleges a breach of contract for default of such payments. In addition, for the same reasons, appellant claims the right

to the assignment of the contiguous claims and termination of the lease for respondent's failure to perform it. The entire problem revolves about the determination of whether or not respondent performed the contract by paying the royalties due appellant. Any question involving a determination of the right to possession must be merely incidental to, and dependent upon, this preliminary determination.

The case of *Wood* v. *Thompson* (1907) 5 Cal.App. 247 [90 P. 38] reinforces this conclusion. There an action "was brought in the city and county of San Francisco to compel the specific performance of a contract by defendant to convey to plaintiff an undivided one-eighth interest in certain mining claims known as 'King Solomon's Mines,' situated in Siskiyou county, either by the execution of a good and sufficient deed," or by a decree granting plaintiff sufficient shares in a named corporation to represent the one-eighth interest. (P. 247.) The court held that the action was not a local one " 'for the recovery of the possession of, quieting title to, or for the enforcement of liens upon real estate. . . .' " (P. 248.) The court declared: "The purpose of the action is not to recover possession of, quiet title to, or enforce a lien upon 'King Solomon's Mines.' It is to enforce the specific performance of a contract. If the court should determine that the plaintiff is entitled to a specific performance by a conveyance of an undivided one-eighth interest, that would not of itself entitle the plaintiff to the possession of the real estate." (P. 248.) (See also: *Peiser* v. *Mettler, supra,* 50 Cal.2d 594, 605.)

Finally we point out, in passing, that a second ground for the decision in *Peiser* was that in a case which was not wholly local in nature, the combination of personal and local causes did not render the action local. The court said: " 'The well settled rule is that if there is a personal, or *in personam,* cause of action joined with one that is local in nature, the defendant is entitled to have the proceeding transferred to the county of his residence. *The action must be wholly local in nature to require it to be brought in the county of the situs* as designated in section 392, subdivision (a), Code of Civil Procedure.' " (P. 605.) Upon that theory, which we do not believe need be applied here, the action remains transitory even if we were to assume that appellant relied upon a local cause of action.

Turning to the cases cited by respondent, we note that they fall into four classifications, each of which is distinguishable from the instant situation. These decisions are:

(1) Those holding that there is no basis for discriminating against corporations in land cases, although there is such a basis in contract cases. (*Cook* v. *W. S. Ray Manufacturing Co.* (1911) 159 Cal. 694 [115 P. 318], citing *Grocers' etc. Union* v. *Kern etc. Co.* (1907) 150 Cal. 466 [89 P. 120].) That proposition has no application in the instant case.

(2) Those holding that a suit for specific performance by a *vendee* is local in nature. (*Grocers' etc. Union* v. *Kern etc. Co., supra,* 150 Cal. 466.) As we have pointed out, however, these cases do not apply to a vendor's action for recovery of the purchase price. (*O'Gorman* v. *Wachter, supra,* 71 Cal. App. 266; *cf. Santa Barbara Lodge No. 605* v. *Penzner, supra,* 104 Cal.App.2d 494, involving a suit for specific performance by a vendee.)

(3) Cases in which the gravamen of the action pertain to *injury* to real property. Thus *Ophir Silver Mining Co.* v. *Superior Court* (1905) 147 Cal. 467 [82 P. 70, 3 Ann. Cas. 340] involved a complaint which alleged defendants " 'intruded and trespassed' " upon plaintiff's mining properties and " 'removed' " mineral deposits (p. 470); the court held such a trespass and wrongful taking of property to be local. The instant case involves the enforcement of a contract which compelled the payment of royalties for extracted minerals pursuant to its terms; it is not, of course, grounded upon trespass or wrongful removal of deposits. *San Jose Ice & Cold Storage Co.* v. *City of San Jose* (1937) 19 Cal.App.2d 62 [64 P.2d 1099, 65 P.2d 1324] may be distinguished upon the same ground. In this connection respondent argues that appellant's contention that "unless enjoined Respondent will assign, sell, encumber, or transfer the claims without . . . protection of Appellant's rights, are clearly allegations of threatened injury to Appellant's claims," citing *Ophir,* which we have discussed above, and *Coley* v. *Hecker* (1928) 206 Cal. 22 [272 P. 1045]. *Coley,* however, involves an action to remove a cloud upon title and in it the court points out that "slander of title is an actual intrusion upon one's property and is in the 'nature of a trespass, a real action to protect property'. . . ." (P. 28.) Neither *Ophir* nor *Coley* sustains respondent's position that the instant case, dealing only in breach of contract, could be construed to be an injury to realty covered by Code of Civil Procedure section 392.

(4) Cases involving actions demanding a reconveyance of title. (*Etter* v. *Vollmer, supra,* 139 Cal.App.2d 718, 720.) We have previously discussed the distinction between this

type of case and the one presented under the instant facts. *Turlock Theatre Co.* v. *Laws, supra,* 12 Cal.2d 573, 578, which adjudicated an action for unpaid rentals under a lease, for termination of the lease, and for restoration of possession of the property, which composes relief more closely tied to possession and title than the instant situation, held that the trial court erred in denying a motion to transfer the entire action to the county of defendants' residence. The court distinguishes the following cases cited by respondent: *State* v. *Royal Consolidated Mining Co.* (1921) 187 Cal. 343 [202 P. 133]; *Grocers' etc. Union* v. *Kern etc. Co., supra,* 150 Cal. 466; *Robinson* v. *Williams* (1910) 12 Cal.App. 515 [107 P. 705].

Appellant's action for a determination of his rights and duties under his lease and for unpaid royalties due pursuant to it cannot be construed to seek relief that is mainly local in nature. Any determination of title to realty could only be an incident to recovery under the contract.

We reverse the order.

Bray, P. J., and Sullivan, J., concurred.