[Civ. No. 20222.   First Dist., Div. Three.   Sept. 11, 1962.]

ROY WICK, Plaintiff and Respondent, v. RAY MATTISON et al., Defendants and Appellants.

Irmas & Rutter and William A. Rutter for Defendants and Appellants.

Hill & Hill and Robert A. Dunaway for Plaintiff and Respondent.

DRAPER, P. J.—This action was filed in Humboldt County. One defendant moved for change of venue to Los Angeles County, which is the residence of all defendants. The motion was denied, and the moving party appeals. The sole question is whether the action is one for "injuries to real property" (Code Civ. Proc., § 392) and thus a "local action" to be retained in Humboldt County, where the real property involved lies.

The complaint alleges two causes of action: The first is entitled "Slander of Title." It alleges that: plaintiff acquired title to the land March 6, 1956, by trustee's deed under power of sale contained in a trust deed; on September 14, 1956, defendants filed, in Humboldt County, an action seeking to set aside the trustee's sale on the ground that there had been no default by them under the trust deed; thereafter defendants recorded notice of lis pendens; in fact there was default in the payments required under the deed of trust; when that action came on for trial defendants (plaintiffs therein) failed to appear and judgment was for plaintiff in this action. Damages are alleged to consist of depreciation in value of the land during pendency of the earlier action and costs of defending that action, including attorneys' fees. The second cause of action is headed "Malicious Prosecution," incorporates the allegations of the first; and alleges that the earlier action was brought without probable cause. Each cause of action alleges malice and seeks punitive, as well as compensatory, damages.

The term "injuries to real property" as used in section 392 is not limited to physical injury to or interference with the land, but includes slander of title (*Coley* v. *Hecker*, 206 Cal. 22, 27-28 [272 P.2d 1045]). Appellant attempts to distinguish *Coley* on the ground that there an action to quiet title was included with the claim for slander of title, whereas here title already has been quieted (*Perkins* v. *Winder*, 122 Cal.App. 467 [11 P.2d 394]). While *Perkins* does contain some language to support this argument, it is but dictum. In fact, a transitory cause of action, separately stated, was joined in *Perkins* with the action for slander of title. Under the established rule, such a joinder defeats the right of a plaintiff to

610

retain the action in the county where the land lies (*Bybee* v. *Fairchild*, 75 Cal.App.2d 35, 43 [170 P.2d 54]) and no more than that is decided by *Perkins*. *Coley* v. *Hecker* is recognized as establishing that an action for slander of title is within section 392 (*Bybee* v. *Fairchild, supra,* at p. 41).

█ The cause of action for malicious prosecution unquestionably is one in tort for damages. But "The real question is: Damages to what?" (*Strosnider* v. *Pomin*, 32 Cal.App.2d 103, 108 [89 P.2d 179]). █ The essential damage alleged to flow from the unfounded prosecution by defendants is the depreciation in value of the real estate. As in slander of title, we think the action is one for injury to real property. The close relationship of an action for slander of title to one for malicious prosecution of a claim to real property has been noted (*Albertson* v. *Raboff*, 46 Cal.2d 375, 382-385 [295 P.2d 405]).

█ In both causes of action pleaded in the instant complaint, the allegations of costs and attorneys' fees in the first proceeding as items of damage are but incidental to the claim of injury to the real property (*Strosnider* v. *Pomin, supra,* 32 Cal.App.2d 103). Similarly, the claims for punitive damages do not destroy the essential character of the action as one within section 392 (*Coley* v. *Hecker, supra,* 206 Cal. 22).

█ We are aware that publication by pleading or by notice of lis pendens is clothed with absolute privilege, thus barring an action for slander of title based solely on such publications (*Albertson* v. *Raboff, supra,* 46 Cal.2d 375). This rule can apply only to the first count of the complaint. Thus it is unnecessary to determine whether this case falls within the general rule that the merits of the complaint will not be determined upon a motion for change of venue. █ Whether the count for slander of title be considered or disregarded, the action is local in nature.

Order affirmed.

Salsman, J., and Devine, J., concurred.