[Civ. No. 3050.   First Appellate District, Division One.—December 18, 1919.]

## SAMUEL RAPHAEL, Appellant, v. PEOPLE'S BANK OF BENICIA (a Corporation), Respondent.

[1] PLACE OF TRIAL—CORPORATION AS DEFENDANT—CONSTRUCTION OF CONSTITUTION.—The provision of section 16 of article XII of the state constitution, relating to the place of trial where a corporation or association is defendant, means not merely that a personal action against a domestic corporation may, at the option of the plaintiff, be commenced in one of the designated counties other than the one in which the defendant has its principal place of business, but that it may be prosecuted to final judgment when so commenced, unless the defendant can allege and show some sufficient ground for a change of place of trial distinct from the fact that the residence of the corporation is in another county.

[2] ID.—CONSTITUTIONAL LAW.—Such a construction of section 16 of article XII of the state constitution is not violative of the fourteenth amendment of the federal constitution.

[3] ID.—WHAT DRAWER OF CHECK UNDERTAKES.—The drawer of a check undertakes that the drawee will be found at the place where he is described to be, and that the sum specified will be paid there to the holder when the check is presented, and he is bound to pay at the place named.

[4] ID.—NONPAYMENT OF CHECK — ACTION AGAINST CORPORATION.— Where a corporation draws a check on a bank in a county other than the one in which it has its principal business, and at its request the check is not paid when presented, the holder thereof is entitled to have an action brought against such corporation to recover the amount thereof tried in the county where the check was to have been paid.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a motion for a change of venue.  Frank J. Murasky, Judge.  Reversed.

The facts are stated in the opinion of the court.

A. S. Newburgh for Appellant.

J. E. Rodgers and A. F. Bray for Respondent.

KERRIGAN, J.—This is an appeal from an order granting defendant's motion for a change of venue.

The action was commenced in the city and county of San Francisco to recover the amount of a check executed by the defendant, directing the American National Bank of San Francisco to pay to the order of the Pleasant Spring Distillery Company the sum of three hundred dollars. The complaint alleges indorsement to plaintiff, presentment to the drawee for payment, its refusal to pay based upon the request of defendant, and that the check was protested and payment thereof demanded of defendant and refused. Defendant demurred thereto, and at the same time filed its notice of motion for change of venue. The petition for a change of venue was predicated upon the sole ground that defendant corporation was a resident of and had its principal place of business in the city of Benicia, county of Solano, state of California. The lower court granted defendant's motion, and plaintiff takes this appeal, contending that he is entitled to have the case tried in the city and county of San Francisco, (1) for the reason that the alleged breach occurred there, and (2) that it is the place where the contract was to be performed.

The case involves a construction of our constitutional and code provision relative to the place of trial of civil actions when a corporation is defendant.

Section 395 of the Code of Civil Procedure insures to a defendant the right of trial of actions of the character here involved in the county where the defendants, or some of them, reside. If the rights of the parties herein were dependent upon the statute, we would be required to sustain the order.

[1] By section 16 of article XII of our state constitution, however, it is provided that "a corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases." It is the contention of respondent in support of the order that this constitutional provision refers merely to the place where the suit must be brought and not to the place of trial.

The question thus presented is not one of first impression in this state. The construction claimed by the respondent is

opposed to the doctrine as announced in *Cook* v. *Ray Mfg. Co.,* 159 Cal. 697, [115 Pac. 318]. Some of the earlier cases are there distinguished and the conclusion reached that the constitutional provision here involved means not merely that a personal action against a domestic corporation may, at the option of the plaintiff, be commenced in one of the designated counties other than the one in which the defendant has its principal place of business, but that it may be prosecuted to final judgment when so commenced, unless the defendant can allege and show some sufficient ground for a change of the place of trial distinct from the fact that the residence of the corporation is in another county. **[2]** The intimation of respondent that such a construction is violative of the fourteenth amendment of the federal constitution, for the reason that it denies to domestic corporations the benefit of the right conferred by section 395 of the Code of Civil Procedure to all persons resident of the state having personal actions against them tried in the county where the defendants or some of them reside, is also there disposed of adversely to the defendant's contention.

The complaint here shows that the contract was to be performed in the city and county of San Francisco, that the obligation or liability of the defendant arose at said place, and that likewise the breach occurred there. **[3]** The drawer of a check undertakes that the drawee will be found at the place where he is described to be, and that the sum specified will be paid there to the holder when the check is presented, and he is bound to pay at the place named. (*Hibernia Nat. Bank* v. *Lacombe,* 84 N. Y. 367, [38 Am. Rep. 518]; *Amsinck* v. *Rogers,* 189 N. Y. 252, [121 Am. St. Rep. 858, 12 Ann. Cas. 450, 12 L. R. A. (N. S.) 875, 82 N. E. 134].) **[4]** Plaintiff was, therefore, entitled under the constitutional provision invoked to have his case tried in the city and county of San Francisco.

The order of the lower court transferring the cause should therefore be, and the same is hereby, reversed.

Richards, J., and Waste, P. J., concurred.