[Civ. No. 791. Fourth Appellate District.—April 14, 1933.]

SAMUEL SANBORN, Appellant, v. POMONA PUMP COMPANY (a Corporation), Respondent.

242

R. W. Henderson for Appellant.

David G. Kling for Respondent.

MARKS, J.—Appellant filed this action in the Superior Court of the County of Kern seeking to recover a judgment for $3,479.38. The complaint attempts to state three causes of action. From this pleading it appears that respondent is a corporation engaged in the business of manufacturing, selling and installing pumps; that appellant owned land in Kern County upon which was a water-well from which 100 gallons of water could be pumped each minute; that respondent sold appellant, and agreed to install, at a cost of $879.38, a Pomona turbine pump, which was guaranteed to pump 100 gallons of water each minute; that appellant paid the agreed price therefor; that the pump was installed but would pump no water from the well. The facts thus far stated are common to all three causes of action though not sufficiently incorporated in two of them. One cause of action is for $2,500 damages suffered between May 11 and July 1, 1931, by reason of appellant not being able

to pump any water from his well. The second is for the recovery, after a purported rescission of the contract, of $879.38, paid for the pump and its installation. The third is to recover $100 expended by appellant "at the request of and with the consent of the defendant . . . in attempting to install and operate such and in removing the same". Without passing on the sufficiency of the pleading, we conclude that the complaint attempts to state causes of action (1) for damages for breach of contract; (2) for money had and received after a rescission of the contract; (3) for money alleged to be due under a contract.

The demand for the change of place of trial was made principally upon the ground of the residence of respondent in Los Angeles County, and that the contract was made in that county and rescinded there. From the order changing the place of trial it appears that "evidence both oral and documentary" was introduced at the hearing of the motion. No parol testimony is incorporated in the bill of exceptions. The certificate of the trial judge to this document contains the following:

"The foregoing Engrossed Bill of Exceptions on behalf of the plaintiff, the original draft whereof was presented to the Honorable Allan B. Campbell, the Judge who made the Order hereinbefore excepted to, on the 10th day of February, 1932, is hereby settled and allowed as a full, true and correct Engrossed Bill of Exceptions and as containing the complaint, notice of motion for change of venue, the affidavits of B. Joseph, A. W. Miller, and George A. McKenna; the demand for change of venue, the affidavit of Samuel Sanborn in opposition to the motion for change of venue hereinbefore set out, and the same, and no other evidence was submitted to and considered by the above entitled Court, in making its order transferring the above entitled action for trial."

Section 16 of article XII of the Constitution provides that: "A corporation or association may be sued in the county (1) where the contract is made or (2) is to be performed, or (3) where the obligation or liability arises or (4) the breach occurs; or (5) in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases."

■ Where the venue of an action against a corporation may be in two counties the plaintiff has the option of choosing either of them in which to institute his action. (*Cook* v. *Ray Mfg. Co.,* 159 Cal. 694 [115 Pac. 318].)

■ From the affidavits it appears that the contract for the purchase of the pump was made and accepted by respondent in Los Angeles County. The breach of the warranty occurred in Kern County. Venue of the cause of action for damages lay either in Kern County, where this cause of action arose, or in Los Angeles County, the place of residence of respondent.

In commenting upon venue in an action to recover money paid under a contract, the Supreme Court said: "In denying the petitions for a transfer to this court we deem it proper to say that we are inclined to agree with the petitioners that the action is one for the rescission of contract, for the prayer of the complaint is for the amount of money already paid and for the cancellation of the plaintiffs' promissory note. (*Kelley* v. *Owens,* 120 Cal. 502, 510 [47 Pac. 369, 52 Pac. 797].) Such an action may be brought in the county where the contract sought to be rescinded was made." (*Nakata* v. *Guarantee Mtg. Co.,* 60 Cal. App. 260, 262 [212 Pac. 937, 938].)

■ It is not definitely stated in the affidavits submitted by respondent in support of its motion to change the place of trial just where the contract to pay appellant his cost of attempting to operate the pump and of removing it from the well was made and was to be performed, if made at all. It may be fairly inferred from these affidavits that this contract, if made, was made and was to be performed in Los Angeles County. This is contradicted by the affidavit of appellant, but this at best creates a conflict in the evidence which was decided by the trial judge in favor of the contention of respondent. We cannot disturb the ruling of the lower court because of a conflict in the evidence. If the contract for the payment of money was made, was to be performed, and was breached in Los Angeles County, this obligation arose there and the venue of this cause of action was in the courts of that county.

■ It has been held that when a complaint has a double aspect, under one of which the defendant has the right to change the place of trial, and under the other he has no

such right, it will be construed against the pleader and the case transferred. The same result is reached where there are two causes of action, under one of which there exists the right of transfer, and, where, under the other no such right exists. (*Ah Fong* v. *Sternes*, 79 Cal. 30 [21 Pac. 381].) It follows that the order transferring this case was properly made.

Order affirmed.

Barnard, P. J., and Jennings, J., concurred.