[Civ. No. 5788.   Third Appellate District.—March 26, 1937.]

BROWN MATERIALS COMPANY, LTD. (a Corporation), et al., Appellants, v. W. G. ANGUS · et al., Respondents.

G. L. Aynesworth and Jas. W. Campbell for Appellants.

W. H. Stammer and Galen McKnight for Respondents.

PLUMMER, J.—This is an appeal by the plaintiffs from an order of the Superior Court of Fresno County transferring the trial of said action to the county of San Luis Obispo. The appellants' statement of the proposition involved upon this appeal is worded as follows: "Where both a local and a transitory action are joined and suit is commenced in a county other than the residence of defendant or the location of the real property involved, has the defendant an optional right to have the venue of the action changed either to the county of the situs of the real property or to the county of defendant's residence?"

An examination of the record leads us to the conclusion that this statement is not strictly accurate, for the reason that the so-called "transitory action" mentioned is not shown by the record to be a statement of a cause of action in and of itself, but is really only a statement of an incidental relief sought, dependent wholly upon the plaintiffs' success, based upon the cause of action relating to the real estate.

The complaint sets forth that the Brown Materials Company, Ltd., is a corporation dealing specially in mud products, sold to and used by oil drilling concerns; that during the times mentioned in the complaint the defendants, W. G. Angus and R. W. Potter, were in the employ of the plaintiff-corporation; that W. G. Angus was secretary-treasurer and general sales manager for the plaintiffs; that it was the duty of Angus to locate and procure leases on lands containing mud suitable for purposes of oil drilling operations; that plaintiffs were engaged in the procuring and selling of mud for such purposes. The complaint then sets forth that the R. E. Jack Company is the owner of certain mud producing properties situate in the county of San Luis Obispo, and that the said company has its principal place of business in said county. It appears that none of the defendants were residents of the county of Fresno, where the action was commenced.

The complaint further sets forth that the defendants, Angus and Potter, obtained a lease from the R. E. Jack Company upon properties in San Luis Obispo County, containing mud products suitable for use by oil drilling companies. There is also an allegation in the so-called second cause of action, that the defendants, Angus and Potter, intended to engage in selling other products which the plaintiffs were likewise selling, and would endeavor to sell the same to the plaintiffs' clients. It is also alleged in the complaint that the profits to be had from the lease obtained by Angus and Potter exceeded the sum of $3,000 a month, and the lease is estimated to be of the value of about $200,000.

After summons had been served upon all of the defendants, the defendants named in the action, and also the R. E. Jack Company, filed notice of motion for change of venue from Fresno County to San Luis Obispo County, the situs of the real estate involved in the action. On the day preceding the time set for the hearing of the respective motions

for transfer of the place of trial, the plaintiffs had the action against the R. E. Jack Company dismissed, and the motions for change of place of trial were had upon the papers filed by the defendants, Angus and Potter, and granted by the court.

It is likewise alleged in the complaint that the Antelope Mud Company, a copartnership, is interested in the lease, etc. It appears, however, from the record that the Antelope Mud Company was simply a fictitious name under which the defendant, W. G. Angus, was doing business.

At the time the notice of motions was given praying for a change of place of trial, there is no question but that a proper showing was made for the transfer of the action from Fresno to San Luis Obispo County. However, it is now argued that the action having been dismissed as to R. E. Jack Company (which company had its place of business in San Luis Obispo County, as well as the owner of the real estate situate in said county), that the defendants, Angus and Potter, have no right to have the action transferred to San Luis Obispo County upon the fact that the real estate is situate in said county, they being residents of the county of Kern, and that their only right to a change of venue would be from Fresno County to Kern County, the place of their residence, and that, having failed to ask for such change, they waived their right with respect to a change of venue, and that the court was without authority to order the change of the place of trial of said action from Fresno to San Luis Obispo County.

It is conceded that Fresno County was not, at the time of the institution of the action, a proper county for the trial thereof, either as to the first or alleged second cause of action set forth in the complaint.

The first cause of action sets forth that the defendants, W. G. Angus and R. W. Potter, caused to be created a copartnership for the purpose of developing mud, and the selling of the same; that said defendants obtained a lease upon the property situate in San Luis Obispo County. The complaint then goes on to allege that said defendants caused the equipment of the plaintiffs to be used for the purpose of opening up and developing mud deposits upon the leased premises. It is further alleged that upon the development of said mud deposits the defendants began to, and did, sell the same in

competition with the plaintiff-corporation; that all of the advertising of the products of said mud from said premises was done at the expense of the plaintiff-corporation; and that the equipment belonging to the plaintiff-corporation was used for such purpose; further, that purchasers of said mud obtained from premises so leased were sought of former clients of the plaintiff-corporation. It is further alleged that said defendants are selling said mud products and enjoying and receiving large and profitable returns. These allegations in the complaint all follow the allegations relating to the employment of the defendants, Angus and Potter, by the plaintiff-corporation, and, also, the duty of said persons as such employees, to look for and obtain leases of premises containing suitable mud for use of the plaintiff-corporation in its business; and that instead of taking leases in the name of the corporation, they were taken in the name of the defendant, Angus.

After detailing and setting forth at length all of the reasons why the defendants should be required to assign and set over to the plaintiff-corporation the lease referred to, and all their rights and privileges thereunder, the complaint proceeds to set forth what is called a second cause of action, in the following language:

"Reference is hereby made to the first cause of action herein set forth and by such reference the same is incorporated herein the same as if set out in full.

"That at all times herein mentioned the plaintiff-corporation has had and enjoyed a large business from the sale of mud, sand, gravel, rock, cement, brick, lime, fire clay, and oil well supplies to numerous operators of oil well development plants in the territory above named, and that it does not maintain a list or record of its clients and customers; that at all the times herein mentioned and now, the said defendants, W. G. Angus and R. W. Potter, have known each and all of these customers, and in the sale and development of mud products from said lease have actively solicited plaintiff's clients and customers, and have continued to sell to them, and have obtained and taken from plaintiff-corporation a large number of its clients, and do now threaten to, and will, unless restrained by an order of this court, solicit each and all of the customers of plaintiff-corporation, and will take and

deprive plaintiff of each and all of said customers and clients, to plaintiff's great and irreparable damage and injury.''

This allegation is evidently not of itself the statement of a separate and distinct cause of action. It is simply incidental to, dependent upon, and if any part of a cause of action, is a part of the cause of action set forth in what is called the ''first cause of action'' in the complaint. It explicitly refers to, and is made dependent upon, what is stated in the first cause of action, and, likewise, explicitly states that whatever the defendants, Potter and Angus, have done or propose to do is in relation to the development ''of mud products from said lease''. Without the lease there is absolutely nothing left for the defendants. If the lease is ordered transferred to the plaintiff-corporation, as prayed for, then and in that case the defendants are left without any mud products for sale. The language as to what said defendants intended to do is not supported by any listing of facts or acts on their part.

The appellants rely upon the case of *Smith* v. *Smith,* 88 Cal. 572 [26 Pac. 356), and *LeBreton* v. *Superior Court,* 66 Cal. 27 [4 Pac. 777] ; also upon the recent case of *Howe* v. *Tucker,* 219 Cal. 193 [25 Pac. (2d) 832], and the different cases cited in the opinions in the cases just listed. An examination of several of the cases discloses that the question of venue is not an issue; it was a question of jurisdiction.

In *Smith* v. *Smith, supra,* it was held that under the provisions of section 392 of the Code of Civil Procedure, where a personal action was joined with an action relating to real estate, the defendant had a right, by reason of the joinder of the personal action, to have the cause tried in the county of his residence. It is not stated in the opinion in the Smith case, however, that if the so-called personal action is merely incidental to, and dependent upon, the success of the plaintiff as to the first cause of action which relates to real estate, and is purely local, the defendant would not have a right to have the cause of action transferred to the county where the real estate involved has its situs.

In *Howe* v. *Tucker, supra,* the right to maintain an action to cancel a promissory note, and for determination of a trust in a note and a deed of trust securing the note, in which deed of trust the trustee therein named is a person other than a payee of the note, constituted a transitory action, so

that venue of the trial thereof should be transferred to the county of the defendant's residence.

In the opinion in the Tucker case we find language which is pertinent to the issues here involved, to wit: "It is only when real estate alone is the subject matter of the action that the provisions of Section 392, *supra,* can be invoked against a defendant who resides in a county different from that in which the land is situate. If, in his complaint, the plaintiff join with a cause of action, another which is not embraced in its provisions, or, if he also seeks a remedy against a defendant upon matters which are not embraced within the provisions of this section, his action becomes one of those other cases provided for in Section 395, which the defendant is entitled to have tried in the county of his residence.'' This language readily distinguishes the Tucker case from the one we are considering. Here the appellants have not joined another action in the complaint which is not embraced within the provisions of the alleged first cause of action. The second alleged cause of action, if a cause of action at all, must embrace within its provisions everything contained in the first cause of action, and is entirely dependent thereupon.

In *Cohen* v. *Hellman Commercial Trust & Savings Bank,* 133 Cal. App. 758 [24 Pac. (2d) 960], cited as an authority by the appellants, it appears that the only question involved was one of jurisdiction, and not a question of venue. The same is true of the case of *LeBreton* v. *Superior Court, supra;* also, of *Weygandt* v. *Larson,* 130 Cal. App. 304 [19 Pac. (2d) 852]. In the Larson case the opinion shows that it was not really an action involving real estate, but an accounting for profits and to restrain certain actions.

In several of the cases the actions had for their purpose enforcing of a trust. As against these cases the respondents rely upon the following which we mention: In *Hannah* v. *Canty,* 1 Cal. App. 225 [81 Pac. 1035], it was held that where a separate, local and transitory action was joined with one relating to real estate, the defendant was nevertheless entitled to have the cause transferred to a proper county for trial.

The principles involved in the cases cited herein are as follows: 1st. The defendant is entitled to have a local action tried in the county where the real property is located (sec. 392, Code Civ. Proc.); 2d. The defendant is entitled to

have a personal action tried in the county of his residence (sec. 395, *supra*) ; 3d. The plaintiff may not deprive a defendant of either of these rights by joining a second cause of action in his complaint. If both types of action are so joined, the defendants may insist on trial in either court (sec. 398, *supra*). The language of the court in deciding this question in the case of *Ah Fong* v. *Sternes,* 79 Cal. 30 [21 Pac. 381], is as follows: "Even if the complaint be regarded as stating two separate causes of action, upon one of which the defendant would be entitled to a change of venue, but not upon the other, the result would be the same. It is the plaintiff's own doing if the complaint be so drawn. He cannot deprive the defendant of his right to a change of venue by the addition of something to the complaint. If this were not the rule, it would be very easy for a plaintiff to defeat the defendant's right in the matter. All that plaintiff would have to do would be to add another cause of action to his complaint. It need not be a genuine cause of action." The court then points out in what manner, if such were not the rule, the plaintiff might deprive defendants of their rights under the code provisions.

To the same effect is the case of *Sanborn* v. *Pomona Pump Co.,* 131 Cal. App. 241 [21 Pac. (2d) 124]. The right of the defendants to designate a proper county, or the proper county for the trial of the action, is specially given by section 398, *supra.* As said in the Sanborn case, if a complaint has a double aspect, the pleader cannot thereby deprive the defendant of his right to a change of place of trial, relying upon the Sternes case, *supra.*

Section 5 of article 6 of the Constitution, relating to jurisdiction, does not seem to us to call for any discussion, as the only question involved in this action is one of venue. Nor do we deem it necessary to enter into a discussion of the various code provisions relative to the procedure to secure a change of the place of trial, as what we have said, and the cases cited, seem to us decisive of this appeal.

The order is affirmed.

Thompson, J., and Pullen, P. J., concurred.