[Civ. No. 13041. First Dist., Div. One. June 20, 1946.]

LESTER E. BYBEE, Respondent, v. IDA FAIRCHILD et al., Appellants.

Hardin Barry, Arthur J. Anderson and Philip C. Wilkins for Appellants.

John J. Taheny for Respondent.

PETERS, P. J.—Defendants appeal from an order denying their motion for a change of venue.

The action was commenced in San Mateo County against the five named defendants. Demurrers were filed, and at the same time defendants filed notices of motions for a change of venue supported by proper affidavits of merit. The notices and affidavits disclose that all of the defendants at the time of the commencement of the action were residents of Lassen County. This is not disputed. It is contended that the complaint joins a local and transitory cause of action, namely, a purported action to quiet title to real property in San Mateo County, and a cause of action to recover $12,500 for alleged fraudulent representations and conduct on the part of defendants, and, it is urged, that when local and transitory causes of action are joined in one complaint the defendants are entitled to a change of venue to the county of their residence.

Before directly referring to the allegations of the complaint, brief reference should be made to certain general rules applicable to such a proceeding that are not seriously questioned by either party. ■ It is settled law that the question as to whether a cause of action is transitory or local

"must be determined from the allegations of the complaint on file at the time the motion was made and from the nature of the judgment which might be rendered thereon, assuming the truth of the allegations." (*Neet* v. *Holmes,* 19 Cal.2d 605, 607 [122 P.2d 557], citing *Sheeley* v. *Jones,* 192 Cal. 256 [219 P. 744], and *Eckstrand* v. *Wilshusen,* 217 Cal. 380 [18 P.2d 931].)

It is also well settled that the normal right of the defendant is to have the action tried in the county of his residence. For the cause to be triable elsewhere the plaintiff must bring himself clearly within the terms of some statutory exception, and in this connection all ambiguities will be construed against the pleader to the end that a defendant shall not be deprived improperly of his fundamental right to have the cause tried in the county of his residence. (*Ah Fong* v. *Sternes,* 79 Cal. 30 [21 P. 381]; *Lyons* v. *Brunswick-Balke etc. Co.,* 20 Cal.2d 579 [127 P.2d 924, 141 A.L.R. 1173]; see cases collected 25 Cal.Jur. § 13, p. 866.) An action for fraud or for money damages is, of course, personal and transitory and triable in the county of the defendant's residence. (See cases collected 25 Cal.Jur. § 15, p. 869.)

It is also well settled that when a transitory action *in personam* is joined with a local action, the defendant is entitled to a change of venue, although had the local action been sued upon alone, no such right to a change would exist. This has been the rule at least since 1891 when *Smith* v. *Smith,* 88 Cal. 572 [26 P. 356] was decided and has been reaffirmed many times. (See *Bardwell* v. *Turner,* 219 Cal. 228 [25 P.2d 978]; *Turlock Theatre Co.* v. *Laws,* 12 Cal.2d 573 [86 P.2d 345, 120 A.L.R. 786]; *Howe* v. *Tucker,* 219 Cal. 193 [25 P.2d 832]; *Hays* v. *Cowles,* 60 Cal.App.2d 514 [141 P.2d 26]; *Neet* v. *Holmes,* 19 Cal.2d 605 [122 P.2d 557]; see, also, *Abbott* v. *People's Nat. Fire Ins. Co.,* 132 Cal.App 357 [22 P.2d 544]; *Ah Fong* v. *Sternes,* 79 Cal. 30 [21 P. 381].)

How do these rules apply to the facts of this case? The complaint contains twenty-six paragraphs, and is quite lengthy. It purports to state but one cause of action. The first nineteen paragraphs charge the defendants with fraud. The gist of these allegations is that on September 25, 1943, plaintiff, while hunting, accidentally shot and killed his guide by name Fairchild; that Fairchild's heirs (three of the defendants, the other two being the lawyers for the heirs) sued the plaintiff in Lassen County for wrongful death; that on November 24,

1944, the Fairchild heirs recovered judgment against plaintiff in the sum of $15,313.50; that notice of entry of such judgment was served on plaintiff's counsel on November 27, 1944; that plaintiff moved for a new trial, the motion being denied by operation of law on January 26, 1945; that the time for appeal expired February 25, 1945; that prior to this last date, and on December 29, 1944, the Fairchild heirs, through their attorneys who are made defendants in this action, offered in writing (the writing being set forth in *haec verba*) to compromise the judgment for $2,500; that on January 11, 1945, plaintiff accepted the offer of compromise and the heirs agreed to satisfy said judgment in consideration of plaintiff refraining from taking an appeal from the judgment; that pursuant to this agreement checks for the full amount of the compromise were delivered to the heirs' attorneys by February 1, 1945; that the said attorneys, defendants herein, were authorized to act for the heirs in consummating the compromise; that the checks were cashed about February 27, 1945, by the said attorneys with the full knowledge and consent of the heirs, and the $2,500 is held by the attorneys with the consent and approval of the heirs; that the checks were presented and accepted on the understanding that the judgment would be fully satisfied; that on February 26, 1945, after the time for appeal had expired, the plaintiff's attorney received from the heirs' attorney a letter stating that the heirs would not accept the payment and the money was being held in defendant attorneys' trustee account; that the heirs consented and approved the holding of the money for them but have refused to repudiate the compromise; that the plaintiff at all times disputed the judgment and threatened to appeal unless a compromise was entered into; that plaintiff at all times believed he had good grounds for reversal on appeal; that plaintiff refrained from appealing solely because of the representations and promises made to this plaintiff by the defendants.

Through paragraph XIX of the complaint the theory is obviously that plaintiff was fraudulently prevented by defendants from taking the appeal. Starting with paragraph XX an entirely new factor is brought into the case. That paragraph alleges in substance that plaintiff is, and at all times herein mentioned has been, the owner of an undivided one-half interest in certain real property situated in Brisbane, San Mateo County. Paragraph XXI alleges that defendants

caused an abstract of their judgment to be filed and recorded in the official records of San Mateo County; that the judgment and abstract constitute a cloud upon plaintiff's title and interest in the said property; that plaintiff has demanded of the defendants that they fulfill the compromise terms, and that they cause the judgment to be satisfied and the abstract and cloud to be satisfied and removed; that the defendants wrongfully, fraudulently and maliciously refuse and neglect to satisfy the judgment and remove the cloud upon the title; that defendants' claim of interest in and to the property is inequitable, fraudulent and without right; that the plaintiff is a real estate broker; that the false and fraudulent representations and conduct of the defendants and wrongful and malicious maintaining of said abstract and cloud have prevented the plaintiff from disposing of the property and interfered with his ability and opportunity to buy and sell real property and to carry on his business of a real estate broker to his general damage in the sum of $12,500.

Paragraph XXII alleges that the aforesaid promises, agreements and representations of defendants were and are false and fraudulent and were made to plaintiff falsely and fraudulently and without any intention on the part of defendants to perform and fulfill the same and with the fraudulent intention and purpose to prevent plaintiff from appealing; that the said cloud results from the said fraud of defendants.

Paragraph XXIII alleges defendant attorneys have a contingent interest in the judgment and in any amount recovered thereon. Paragraph XXIV alleges defendants threaten to harass and damage plaintiff by further wrongful use of the judgment, and by the further filing and recording of abstracts against the plaintiff's interest in and to real property in San Mateo County.

Paragraph XXV asks for attorney's fees incurred in the action, while Paragraph XXVI alleges that plaintiff has no plain, speedy or adequate remedy at law.

The prayer is (1) that defendants be required to set forth their adverse claims to the property; (2) that it be decreed that defendants have no rightful claim to the property and that plaintiff's title as to an undivided one-half interest therein is good and valid against defendants; (3) that defendants be enjoined from asserting any claim to the described property, and (4) be enjoined from asserting any claim based on the judgment or abstract in any other land now or hereafter

owned by plaintiff; (5) that plaintiff be awarded compensatory damages of $12,500, plus attorney's fees; (6) that plaintiff be awarded punitive damages in the sum of $12,500; (7) that plaintiff have such other and further relief as may be proper, and (8) his costs.

The trial court denied the motion for a change of venue to Lassen County. There can be no doubt that the above complaint pleads a cause of action to quiet title, a cause to remove a cloud on the title, and a cause of action for slander of title, without separately stating them. As to such actions, section 392 [Code Civ. Proc.] provides in part:

"Venue for actions involving real property. Proper court. (1) Subject to the power of the court to transfer actions and proceedings as provided in this title, the county in which the real property, which is the subject of the action, or some part thereof, is situated, is the proper county for the trial of the following actions:

"(a) For the recovery of real property, or of an estate or interest therein, or for the determination in any form, of such right or interest, and for injuries to real property."

There is no doubt that an action to quiet title or to remove a cloud from the title is local, and triable in the county where the real property is located. It is now settled as well that an action for slander of title is also local in nature. The leading case on this subject is *Coley* v. *Hecker,* 206 Cal. 22 [272 P. 1045]. In that case a judgment secured by appellants against respondent had been stayed by the giving of an undertaking on appeal. The appellants thereafter filed an abstract of the judgment in San Joaquin County. The respondent alleged that (p. 25) "appellants, acting maliciously and with the evil purpose of vexing and annoying respondent and slandering the title to all lands owned by him in the county of San Joaquin and clouding the title thereto, recorded . . . an abstract of judgment . . . well knowing that said abstract of judgment was inoperative and of no legal effect by reason of the filing of said undertaking . . . and that said appellants well knew said abstract of judgment when filed by them would be a cloud upon and a slander against all the lands owned . . . by respondent . . . that the recordation of said abstract of judgment decreased the value of said real property and rendered it unmarketable to the damage of respondent in the sum of $26,000." As additional damages, respondent alleged that appellants in recording the abstract were moved by malice

and a desire to oppress him, and as a penalty therefore he prayed for punitive damages in the sum of $25,000. The prayer of the complaint is very similar to the one in the present case.

The court, after holding that slander of title was an injury to real property within the meaning of section 392 of the Code of Civil Procedure, stated (p. 27) that: " 'Damages for injury to the real property are but an incident to the action to remove the cloud wrongfully cast upon respondents' real property by the filing of said abstract of judgment. It is the proximate result of an alleged wrongful act. The fact that damages are demanded for maliciously doing an act from which an injury is the necessary consequence does not split the action into two separate causes of action merely because dual relief may be properly or improperly sought.' "

Another more recent case establishing the same general rule is *Strosnider* v. *Pomin*, 32 Cal.App.2d 103 [89 P.2d 179]. In that case there were two causes of action set forth in the complaint. The first one was to quiet title to real property. The second cause of action was one for damages arising out of fraudulent representations which induced that plaintiff to dismiss a prior quiet title action. The defendants there contended that since the second cause of action was personal and transitory they were entitled to have the case transferred to the county of their residence. The trial court sustained this argument and granted defendants' motion for a change of venue. The appellate court reversed the order, and held that the action was purely local in nature, because in the second cause of action it was necessary for plaintiff to prove ownership of his real property and of the easement in question before he could prove damages. It therefore appeared that the question of an estate and interest in real property as well as a matter of injury thereto would have to be determined within the meaning of section 392 of the Code of Civil Procedure. The court stated (p. 108):

"In the case before us, the cause of action is unquestionably based upon a tort—damages arising out of fraudulent representations made in respect to the dismissal of the prior quiet title action. The real question is: Damages to what? According to the allegations of the complaint, damages to the real property of plaintiff which would be affected by the obstruction of the right of way of defendants and which resulted from the dismissal of the prior action through the fraud of defendants. Thus it is clearly alleged that the fraudulent

act injured the real property of plaintiff—a consequential injury which the court in the Hecker case held to be covered by the term 'injury to real property.'

"The complaint also brings the action under that portion of section 392 of the Code of Civil Procedure which requires the action to be brought in the county where the real property is situated, where it is 'for the recovery of real property, or an estate or interest therein, or for the determination *in any form* of such right or interest.' It is quite clear, from a reading of the second cause of action, that plaintiff would have to prove ownership of his own real property, and of the easement in question, before he could establish any right to damages. In our opinion this would call for the determination, in some form, of an estate and interest in real property.

". . . It is true, as respondents state, that the second cause of action is for the recovery of damages based upon fraud and deceit, but those facts do not fix the character of the action as transitory, if the further fact appears, from the allegations of the complaint, that plaintiff, in order to make out a case under his pleading, must prove ownership of an interest in real property, and if the further fact appears that the damages, if any, must necessarily be predicated upon an immediate or consequential injury to the real property of plaintiff.

"The admitted fact that plaintiff seeks to recover a money judgment does not necessarily stamp the action as transitory, if according to the allegations of the complaint, such judgment is predicated upon damages to real property."

Plaintiff here argues that all of the allegations of fraud in the complaint are incidental to the main cause of action, which he conceives to be a cause of action for slander of title. The defendants argue that the main action is for fraud, and the several local actions merely incidental thereto. We have no doubt at all that, if the damages alleged were merely the damages to plaintiff's real property, under the rules referred to in the two cases quoted from above, the allegations of fraud are incidental to the slander of title action, and the case would therefore be triable in San Mateo County. The allegations of damages so far considered all relate to plaintiff's real property caused by the filing of the abstract of judgment, which resulted from plaintiff's failure to appeal induced by the fraudulent representations of defendants. This clearly falls within the rule stated in the Pomin case, *supra,* where the court stated (p. 108): "Thus it is clearly alleged that the

fraudulent act injured the real property of plaintiff—a consequential injury which the court in the Hecker case held to be covered by the term 'injury to real property.' '' It was undoubtedly on this theory that the trial court held the action to be local and denied the motion for a change of venue.

The difficulty with this solution in the instant case is that it entirely overlooks another cause of action pleaded but not separately stated. After setting forth in the first nineteen paragraphs the fraud upon which he relies, the plaintiff undertakes in the succeeding paragraphs to charge how that fraud injured him. After alleging that the fraud injured the real property as above described, in Paragraph XXI it is alleged that the fraud also injured him as follows: ''that the plaintiff is and at all times herein mentioned was a duly licensed real estate broker and that the false and fraudulent representations and conduct of the defendants and the wrongful and malicious maintaining of said abstract and said cloud . . . have interfered with this plaintiff's ability and opportunity to buy and sell real property and to carry on his said business of a real estate broker, to his general damage in the sum of $12,500.00'' From this allegation we find that the alleged fraud not only injured plaintiff's real property, but also injured him in the operation of his business. This is a separate cause of action, although not separately and somewhat incompletely stated. This is a cause of action for money damages not growing out of injury to real property. It is transitory in nature. It is not merely incidental to the local actions above discussed because it is not dependent upon the success of the plaintiff as to those causes of action. (*Brown Materials Co., Ltd.* v. *Angus,* 20 Cal.App.2d 32 [66 P.2d 470].) It is quite clear that if plaintiff herein, at the trial, is able to prove the fraud charged, but is unable to prove ownership of the interest in real property in San Mateo, he could still recover, under the quoted allegation, upon proper proof, for any general damages to his business caused by the wrongful filing of the abstract. As to such a cause of action, the damages would not be predicated upon any injury to plaintiff's real property. Thus, what we have here is a local action or actions joined with a transitory action in no way connected with injury to real property. In such a case, under the rule of the cases already cited, the defendants are entitled to a change of venue. (See, particularly, *Turlock Theatre Co.* v. *Laws,* 12 Cal.2d 573 [86 P.2d 345, 120 A.L.R. 786], and *Neet* v. *Holmes,* 19 Cal.2d 605 [122 P.2d 557].)

In most of the cases cited, *supra,* where it was held that the defendants were entitled to a change of venue where transitory and local actions had been joined, the several causes of action were interrelated. In the instant case they are distinct causes of action in no way dependent upon one another. In the instant case, as already pointed out, the determination of whether the plaintiff is entitled to damages for injury to his business, is in no way dependent upon or related to the determination of whether plaintiff owns any real property in San Mateo County, or whether, if he does, his title thereto has been slandered. This being so there would seem to be no doubt but that defendants are entitled to have the action tried in the county of their residence.

The order denying the motion for a change of venue is reversed.

Ward, J., and Schottky, J. pro tem., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 15, 1946. Shenk, J., voted for a hearing.