[Civ. No. 5268. Fourth Dist. Nov. 7, 1956.]

J. FREDERICK ROSEN, Appellant, v. LESLIE M. KESSLER et al., Respondents.

 

Shaw & Barnett for Appellant.

Kessler & Kessler and Harold J. Abraham for Respondents.

GRIFFIN, J.—Plaintiff, an attorney at law, brought this action entitled "Complaint for Rescission, Accounting and Damages" against defendants Leslie M. Kessler, Albert H. Kessler, Frank Maun, Edith Maun, Jack H. Zamsky, Robert L. Lippert, Charles J. Maestri, F & E Theatre Company, Inc., a corporation, Desert Valley Theatres, Inc., Indio Associates, et al.

It is alleged in the first cause of action that Lippert and Maestri were and are the owners and operators of numerous theatres throughout the state; that the Kesslers were and are attorneys and associates of Lippert and Maestri with offices in Oakland, and that Maun was an employee of said defendants in the theatre operations; that Maun and Zamsky were officers and equal owners and operators of the Coachella Valley Drive-in Theatre, Inc. (hereinafter referred to as the Drive-in Theatre) located on certain described real property in Coachella Valley in Riverside County owned by plaintiff and which was worth about $25,000, subject to a note and trust deed for $13,000; that about December 15, 1952, plaintiff advanced to the Drive-in Theatre about $10,000, and obligated himself for the payment of debts of said corporation by certain written and oral guarantees in excess of $10,000; and that prior thereto he had executed a note as comaker with Zamsky for $7,500. It is alleged that the Drive-in Theatre had financial difficulties and defendants promised plaintiff that if he would convey said Drive-in Theatre property to defendant Maestri and transfer his interest to the F & E Theatre Company and waive any claim for monies he had advanced to said Drive-in Theatre, defendants would assume and pay all debts of the Drive-in Theatre and pay the balance due on the note for $13,000, pay

plaintiff $2,000 in cash plus a note for $1,500 and pay plaintiff, as a retainer for legal services, the sum of $2,200; that plaintiff executed a deed of conveyance of said Drive-in Theatre property to Maestri, agreed in writing to sell and assign his interest in it to F & E Theatre Company and waived all claims for monies advanced to the Drive-in Theatre; that defendants paid plaintiff $2,000 and delivered a promissory note to him executed by Maestri, for $1,500 and one for $2,200 executed by F & E Theatre Company, and that defendants verbally agreed to assume and pay the balance due on the $13,000 note; that pursuant to the agreement defendants entered into possession of the Drive-in Theatre on December 23, 1952; that payments were made to plaintiff on the $1,500 and $2,200 notes but defendants failed to pay the $13,000 note they orally agreed to pay or assume, and failed to pay obligations due to creditors of the Drive-in Theatre; that suits were filed by said creditors against plaintiff and he was required to defend them; that plaintiff was compelled to pay some of said claims and, for failure of defendants to pay money on the $13,000 bank note plaintiff was compelled to pay $1,000 thereon to avoid suit; that thereafter, on July 24, 1953, Maestri and wife conveyed the Drive-in Theatre property to the Lipperts and they conveyed undivided portions to the Kesslers; that certain representations made proved to be false and untrue and were made for the purpose of inducing plaintiff to part with his Drive-in Theatre property; and that on December 20, 1954, plaintiff elected to and did rescind the agreement and deed of conveyance. Notice of rescission was mailed to defendant Kessler in Alameda County. It is then alleged that the "transactions, agreements and contracts" herein mentioned were made and entered into in the county of Riverside.

As a second cause of action, an accounting is sought of the earnings of the Drive-in Theatre while in the defendants' possession. In a third cause of action he seeks damages for $35,000 for refusal of the defendants to carry out the agreement. The fourth cause of action is for damages for $15,000 for failure of defendants to pay the creditors and the bank note, for humiliation and embarrassment and loss of income from the practice of his profession. The relief sought is rescission of all contracts and conveyances and an order that defendants be required to reconvey the property to plaintiff, that the parties be restored to their prior status, for an accounting, judgment for damages as claimed in the fourth and fifth causes of action, and general relief. A general and

special demurrer was filed and a motion for change of venue to Alameda County was granted on a showing by affidavit that the defendant Albert H. Kessler was a resident of Alameda County and that none of the defendants resided in Riverside County; that the corporations sued likewise had their principal places of business in San Francisco; that Indio Associates, one of the defendants, is a joint venture whose members are the nonresident defendants and do business in San Francisco. No opposing affidavits were filed. This appeal is from the order. A petition for writ of supersedeas to stay the execution of the order was denied.

In support of the order, defendants argue that the first cause of action purports to set forth a cause of action for fraud which is transitory in character; that it also contains an allegation seeking rescission of some claimed agreement, which is also a transitory action; that although it seeks rescission of a conveyance of real property it also, in said cause of action, seeks the cancellation of an agreement involving the sale of personal property, i. e., the theatre business and equipment; that the theatre business was owned and operated by a corporation entirely distinct from plaintiff and that plaintiff personally owned the real property; that even though the first cause of action may be considered a local action, if joined with a transitory action, such as the second, third and fourth causes of action, venue is determined from the transitory action; and that since the notice of rescission was served in Alameda County, the right of action arose there, citing such authority as *Myers* v. *Superior Court,* 75 Cal.App.2d 925 [172 P.2d 84]; *Smith* v. *Smith,* 88 Cal. 572, 576 [26 P. 356]; *Vaughan* v. *Roberts,* 45 Cal.App.2d 246 [113 P.2d 884]; *Stesel* v. *Santa Ana River Water Co.,* 35 Cal.App.2d 117 [94 P.2d 1052]; *Strosnider* v. *Pomin,* 32 Cal.App.2d 103 [89 P.2d 179]; *Bybee* v. *Fairchild,* 75 Cal.App.2d 35 [170 P.2d 54]; *Postin* v. *Griggs,* 66 Cal.App.2d 147 [151 P.2d 887]; and *Fitzhugh* v. *University Realty Co.,* 46 Cal.App. 198 [188 P. 1023].

■ It is well established in this state that the nature of the action is to be determined from the complaint and whether it is a local or transitory action depends on its character and the character of the judgment permissible on default. (*Hale* v. *Bohannon,* 38 Cal.2d 458, 466 [241 P.2d 4]; *Kaluzok* v. *Brisson,* 27 Cal.2d 760, 762 [167 P.2d 481, 163 A.L.R. 1308], and cases cited.) In the latter case the plaintiff elected to seek affirmance of a contract and sued for damages. The court held such an

action transitory. It pointed out a distinction if plaintiff had elected to rescind the contract, cancel the debt and restore the real property to defendants, thus effecting a reconveyance. In *Postin* v. *Griggs, supra,* which involved an action for rescission of certain relinquishment of interest in a partnership involving mining property, several of the cited authorities were discussed, which stated that an action, the gravamen of which is fraud, is triable in the county of the residence of the defendant, and the mere fact that incidentally rights in real property may be involved does not change the rule; that an accounting and an injunction based upon fraud is a personal action which the defendants are entitled to have tried in the county of their residence; and that an action based on fraud, in which plaintiff seeks rescission and an accounting is triable in the county of the residence of the defendant regardless of where the contract sought to be canceled was executed.

Plaintiff concedes the general rule that where a transitory cause of action is joined with a local action, defendants have the right to have the case tried in the county of their residence. He claims, however, that this rule is not here applicable and relies principally upon the allegation that, by reference, each count alleged that the ''transactions, agreements and contracts'' were made and entered into in the County of Riverside, and that each separate cause of action is entirely dependent on the first cause of action which concerns itself with title to the real property, which is local in character, citing such authority as *Brown Materials Co.* v. *Angus,* 20 Cal.App.2d 32 [66 P.2d 470]. It is further contended that regardless of these respective contentions, as applied to individuals, article XII, section 16 of the Constitution of California provides that an action against a corporation may be brought in a county where the contract is made or is to be performed or where the obligation or liability arises or the breach occurs or in the county of its principal place of business, and accordingly venue in Riverside County was established by the allegations of the complaint in this respect, citing *Hale* v. *Bohannon,* 38 Cal.2d 458, 469 [241 P.2d 4], which fully discusses this subject. It is there said that the purpose of the constitutional provision is to provide a venue for actions against corporations greatly enlarged over that for actions against other defendants; that section 395 of the Code of Civil Procedure may not be applied to a transitory action against a domestic corporation; and where plaintiff has

brought himself within the terms of the Constitution, the corporation may not secure a change of venue to its "residence" (principal place of business) as may other defendants under section 395, *supra.*

It has been held that the provisions of the Constitution, article XII, section 16, allowing a personal action against a domestic corporation to be tried in a county court other than that in which the corporation has its principal place of business, where the county in which suit is begun is that in which the contract is to be performed, does not violate United States Constitutional Amendment 14, by denying to private corporations the right conferred by this section to residents of the state to have personal actions tried in the county of their residence, and that an action against a domestic corporation may be begun and prosecuted to final judgment in a county other than that in which the corporation has its principal place of business, where the contract is to be performed in the county of suit, and this is so notwithstanding this section, providing that personal actions shall be tried in the county in which the defendants or some of them reside. (*Raphael* v. *People's Bank,* 45 Cal.App. 115 [187 P. 53].) ▇ From the authorities, if the allegations of the complaint are sufficient to establish venue in Riverside County as to defendant corporations under the constitutional provision, the action might well proceed as to those corporations, even though the causes of action may be transitory in nature provided no nonresident individuals are made parties to the action. (*Konig* v. *Associated Almond Growers,* 37 Cal.App.2d 360 [99 P.2d 678]; *Liera* v. *Los Angeles Finance Co.,* 99 Cal.App.2d 254 [221 P.2d 737].)

▇ The question then arises, notwithstanding this, are the individual defendants here served entitled to have the action transferred to the county of their residence? If the causes of action are transitory or one is local and the other is transitory so as to come within the rule above cited, then by including such defendants as parties to the action along with the corporation sued, plaintiff waives the right given by the constitution, and the motion of the individual defendants for change of place of trial must be determined by the provisions of the statute. (*Brady* v. *Times Mirror,* 106 Cal. 56 [39 P. 209]; *Liera* v. *Los Angeles Finance Co., supra.*) We will therefore consider the causes of action as alleged in this light.

As applied to the first cause of action, under the authorities cited it is a close question whether that cause of action is

purely local. (*Coe* v. *Kessler*, 139 Cal.App.2d 536 [294 P.2d 83].) It involves the rescission of an alleged agreement. It also involves the purported sale of a theatre business consisting of real and personal property in Riverside County. The representation referred to as an agreement was that defendant Kessler, as attorney for defendant F and E Theatre Company, a corporation, represented that the corporation was financially sound and could and would return to plaintiff the amount invested by plaintiff and would assume and pay the outstanding obligations of said theatre in full and would assume and pay the note cosigned by plaintiff and defendant Zamsky; that he later learned from them that that theatre company was in strained financial condition and subject to suits and attachments by creditors; that he later found that defendant Albert H. Kessler had purchased the note in question and would not extend the time for payment; that "said defendants promised plaintiff" that if he would convey said real property to defendant Maestri and transfer his interest in the theatre to F and E Theatre Company "said defendants" would assume and pay all debts of said theatre, etc.; that he executed the deed and assigned his interest and defendants failed in their promise.

Assuming these allegations as to the alleged agreement to be sufficient to show compliance with section 395 of the Code of Civil Procedure and to show a personal liability of the nonresident defendants, as distinguished from the corporate liability, there still remains a second cause of action for an accounting, realleging by reference, the first cause of action, alleging plaintiff's ownership of a one-third interest in the Drive-in Theatre, that he has been deprived of its income, and seeks an accounting. This cause of action, standing alone, is transitory in nature. (*Stesel* v. *Santa Ana River Water Co.*, 35 Cal.App.2d 117 [94 P.2d 1052].)

The third cause of action, similarly stated, is but a cause of action for damages for refusal of defendant to carry out the terms of the alleged agreement. This is a transitory action. (*Krogh* v. *Pacific Gateway & Dev. Co.*, 11 Cal.App. 237 [104 P. 698]; *Strosnider* v. *Pomin*, 32 Cal.App.2d 103 [89 P.2d 179]; *Claycomb* v. *Caronna*, 113 Cal.App.2d 561 [248 P.2d 779].)

The fourth cause of action, similarly stated, is predicated solely upon claimed breach of contract, slander and damage to plaintiff's legal business, claimed loss of money from the practice of his profession for the reasons expressed,

and is personal and transitory within the meaning of section 395 of the Code of Civil Procedure. ██ At least this last claimed cause of action is clearly a transitory action and could not be classified as incidental to, and dependent upon, the first cause of action for its success, so as to bring it within the exceptions noted in *Brown Materials Co., Ltd.* v. *Angus,* 20 Cal.App.2d 32 [66 P.2d 470], relied upon by plaintiff. (See also *Bybee* v. *Fairchild,* 75 Cal.App.2d 35 [170 P.2d 54].) If there is one such cause of action, then the defendants are entitled to the change no matter how many other causes may be set forth in which they are not entitled to the change. (*Goossen* v. *Clifton,* 75 Cal.App.2d 44 [170 P.2d 104]; *Sanborn* v. *Pomona Pump Co.,* 131 Cal.App. 241 [21 P.2d 124].)

██ Under the general rule, when an action is partly local and partly transitory and stated in separate causes of action, it is to be regarded as transitory in determining the place of trial. Accordingly, the order here involved must be sustained. (*Henderson* v. *Henderson,* 85 Cal.App.2d 476 [193 P.2d 135].)

Order affirmed.

Barnard, P. J., and Mussell, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 4, 1957.